UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 2:05-CR-58 |
| | ) | |
| CHRISTOPHER KIRKPATRICK | ) | |

**O R D E R**

This supervised release revocation matter came before the Court on January 23, 2006, for a hearing in regard to whether or not the defendant has violated the conditions of his probation, and therefore, should his term of probation be revoked. On October 31, 2005, the defendant was placed on probation for five (5) years, and his term of supervision was scheduled to expire on October 30, 1010.

The defendant has stipulated that he has violated the terms of his supervised release by failing to report his arrest on November 11, 2005. The Court also FINDS by a preponderance of the evidence that the defendant committed the offenses of theft under $500.00, consuming alcohol under the age of 21, and evading arrest on or about November 11, 2005, in Greene County, Tennessee.

It was not contested that the defendant's violation guideline range is now

four (4) months to ten (10) months; however, the defendant is subject to a maximum sentence of sixty months (60) months under 18 U.S.C. § 3583(e)(3).

In determining his sentence, it is significant that the defendant was on probation for less than two weeks before he violated the terms of his probation. It is also apparent to the Court that the defendant needs intensive drug treatment by his continued association with alcohol and/or drugs.

The Court has carefully considered the policy statements of Chapter 7 of the <u>United States Sentencing Commission Guidelines</u> which reflect a revocation range of four (4) to ten (10) months. Because the policy statements of Chapter 7 of the U.S.S.C.G. are policy statements and not guidelines, and although the Court must consider these policy statements, the Court is not bound by them. *United States v. West,* 59 F.3d 32 (6th Cir. 1995).

Based upon the defendant's almost immediate failure to comply with the conditions of his probation, and based upon his need for intensive substance abuse treatment, the Court does not find that in the interest of society, or in the interest of rehabilitating this defendant, a sentence within this suggested range is appropriate.

Accordingly, the Court **FINDS** that the defendant has violated the terms of his probation, and his probation is **REVOKED**. The Court will impose a sentence authorized by U.S.C. 18 § 3583(e)(3). Therefore, it is hereby **ORDERED** that the

defendant is sentenced to serve a term of twenty-four (24) months of incarceration. The Court **RECOMMENDS** that the defendant receive credit for time served. The Court **VERY STRONGLY RECOMMENDS** that the defendant be placed in the 500 hour Bureau of Prisons Intensive Residential Drug Treatment Program. The Court also **RECOMMENDS** that the defendant be designated to a federal facility that has this 500 hour program, as close as possible to Greene County, Tennessee.

Following the service of this sentence, the defendant will be placed on a term of supervised release of three (3) years. During this term of supervised release he will be subject to the thirteen standard conditions of supervision imposed in Local Rule 83.10 as well as the following special conditions:

1. He shall reside at the Comprehensive Sanctions Center (Midway Rehabilitation), Knoxville, Tennessee, for a period of six (6) months and abide by the rules of that facility, and

2. He shall participate in a program of testing and/or treatment for drug and/or alcohol abuse, as directed by the probation officer, until such time as you are released from the program by the probation officer.

It is hereby **ORDERED** that the defendant is **REMANDED** to the custody of the United States Marshal. It is also hereby **ORDERED** that the defendant's report

date be delayed until a date after February 17, 2006, so that he can resolve his pending charges in Greene County, Tennessee.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE